## J. W. BROCKETT, *et al.,* v. J. E. MARTIN, *et al.*

SURETIES OF JUSTICE OF PEACE; *Liability.* The sureties on the official bond of a justice of the peace, as well as the justice himself, are liable to the owner of a judgment rendered by such justice and entered upon his docket, for money paid to and collected by said justice in satisfaction of said judgment, where the justice afterward fails and refuses to pay over said money to said owner of the judgment.

*Error from Sedgwick District Court.*

BROCKETT & HOUCK, as partners, sued *J. E. Martin* and *E. P. Waterman,* alleging that one William H. Roark was a

justice of the peace of Sedgwick county, and *Martin* and *Waterman* were sureties on his official bond; that Schlichter & Co. obtained a judgment before said justice against one Hall for $61.30, which judgment was by Schlichter & Co. assigned to plaintiffs; that one Longsdorf entered himself as surety for the stay of execution on said judgment; that on the expiration of the stay of execution Longsdorf paid the amount of the judgment and costs to said Justice Roark, for which Roark receipted as justice of the peace; that plaintiffs demanded said amount of said justice, which he failed and refused to pay. The action was tried in the district court at the December Term 1872. The district court refused to allow the plaintiffs to introduce any evidence under their petition, for the reason that "the petition did not state facts sufficient to constitute a cause of action against Martin and Waterman as such sureties on Roark's official bond," and gave judgment against the plaintiffs for costs. The plaintiffs bring the case here on error.

*Sluss & Dyer*, for plaintiffs in error:

Does the payment of money to a justice of the peace upon a judgment on his docket render the sureties on his official bond liable if the justice fails to pay such money on demand to the person entitled thereto? Does money paid to a justice in such manner come into his hands "by virtue of his office," or merely as the private agent of the judgment-plaintiff? Are the sureties on the official bond of a justice of the peace liable for money paid into his hands on judgments on his docket in any other manner than from a constable on execution? It seems to us that these questions must be answered in the affirmative, and that the adverse ruling of the district court was error. As to the liability of sureties on the official bonds of justices of the peace, we beg leave to cite the following authorities: Gen. Stat., 1085, § 19; *Ditmars v. Commonwealth*, 47 Penn. St., 335; *Parker v. The State*, 8 Blackf., 292; *The State v. Carter*, 6 Ind., 37; *Peabody v. Ohio*, 4 Ohio St., 387; *Latham v. Brown*, 16 Iowa, 118.

*Stanley, Kirkpatrick & Parsons,* for defendants in error. (No brief filed.)

The opinion of the court was delivered by

VALENTINE, J.: The only question presented to us for our consideration in this case is, whether the sureties on the official bond of a justice of the peace, as well as the justice himself, are liable to the owner of a judgment rendered by such justice and entered upon his docket, for money paid to and collected by said justice in satisfaction of said judgment, where the justice afterward fails and refuses to pay over said money to said owner of the judgment. The question thus presented must undoubtedly be answered in the affirmative. The sureties are certainly liable. The money was paid to the justice because he was a justice of the peace, and because he had the power by virtue of process issued from his court to enforce the collection of the same. It "came into his hands by virtue of his office," and the sureties as well as himself are liable for it. (Gen. Stat., 1085, ch. 110, § 19.) The justice did not receive the money merely as a private citizen, as it seems to be claimed by the defendant in error. It does not appear from the record that any execution had ever been issued on said judgment, and hence the said justice of the peace was the only *officer* who had any right to receive said money. The view we have taken in this case is not expressly enacted by any statute, although it harmonizes with every statute that has any reference to this or any kindred subject: § 19, ch. 110, *supra;* Justices' Act, §§ 188, 189; Civil Code, § 521; ch. 39, Gen. Stat., § 29. See also the authorities cited in plaintiffs' brief.

The judgment of the court below is reversed, and cause remanded for further proceedings in accordance with this opinion.

All the Justices concurring.